Thomas J. Mirabile, J.
This is a motion by the plaintiff for summary judgment under rule 113 of the Rules of Civil Practice.
The complaint is based upon a series of alleged short-term loans to the defendant. Although these loans are represented by promissory notes, the complaint includes no reference to such notes, which by their terms are ‘ ‘ due as provided for in agreement dated May 31, 1961 between Broad Street Capital Corp. and PTI [Programs for Television, Inc.].”
Briefly stated, the defense is predicated upon the alleged circumstance that the plaintiff is associated with and a participant in a loan made to the defendant by Broad Street Capital Corp. under the provisions of the Small Business Investment Act of 1958 (U. S. Code, tit. 15, § 631 et seq.).
Broad Street Capital Corp. is licensed by the Small Business Administration as a small business investment company. It is of course clear that the purpose of the said act is to produce financing for small businesses by long-term loans (Small Business Act, § 305 et seq.; U. S. Code, tit. 15, § 685 et seq.). Pursuant to subdivision (c) of section 308 of the act (U. S. Code, tit. 15, § 687) the Small Business Administration is authorized to prescribe regulations governing the operation of small business investment companies, and the Administration did establish regulations for long-term loans and specifically that no such loan was to be “for a period of less than five years’ duration”. (Code of Fed. Reg., tit. 13, § 107.601, subd. [b].) These regulations have the force of law (cf. Wasservogel v. Meyerowitz, 300 N. Y. 125). By subdivision (b) of the aforesaid section 305 of the act (U. S. Code, tit. 15, § 685, subd. [b]) provision is made for participation by other lenders in loans by small business investment companies and it would seem that such participants, although not licensed under the act, would be bound equally with *630 the licensed lender by the regulations of the Administration, at least insofar as the terms of the loan agreement are concerned.
The proof submitted on this motion is not adequate for determination of the plaintiff’s interest in or relationship, if any, to Broad Street Capital Corp., but it would not be fair to decide this question without opportunity for development of the evidence at the trial, especially as such evidence would involve facts of which the defendant does not have first-hand knowledge, but which are peculiarly within the knowledge of the plaintiff and of Broad Street Capital Corp.
Although I cannot find that the question has been squarely decided in any case it seems to me to be reasonable to hold that a loan made under the provisions of the Small Business Investment Act of 1958 should be construed as providing for repayment in not less than five years. Otherwise the purpose of the act would be frustrated and companies licensed thereunder and participants in loans made by them would derive the benefit of the act without compliance with the regulations of the Administration. Obviously courts will not generally enforce an agreement which is in violation of law. I do not consider that the principal of the loan is forfeit, as would be the case if this were a usurious loan made in the State of New York, but I think that there is an irrebuttable presumption that such a loan, under this act, is not repayable within a lesser period than that prescribed by the applicable regulation of the Administration.
There is, of course, a question here as to whether the loan in suit was actually made under the act or was merely a tentative arrangement which had not ripened into a loan governed by the act and regulations promulgated thereunder. Indeed, whether a lender licensed under the act may make such a tentative short-term arrangement is open to question. If such tentative or temporary arrangements were to be sanctioned, companies which have been licensed by the Administration could, whenever it suited their purposes, proceed without regard to established regulations. A way would thus be open to circumvent the provisions and requirements of the act and regulations.
The fact that the plaintiff has chosen to disregard the promissory notes which he received, and which as hereinabove stated refer to a particular agreement, and to sue instead upon the basic loans, also presents questions not summarily determinable. Furthermore the proposed letter agreement as of May 31, 1961 is not without significance.
Accordingly, the motion of the plaintiff for summary judgment is denied.